IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James M. Hunter, II, | ) | C/A No.: 5:24-4652-JDA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden M. Joseph, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  James M. Hunter, II, ("Petitioner") is a federal inmate housed at FCI Bennettsville, a facility of the Federal Bureau of Prisons. He filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice.

 I. Factual and Procedural Background

  On March 22, 2023, Petitioner entered a guilty plea to kidnapping. *United States v. Hunter,* C/A No.: 2:23cr00003 (E.D. Va. July 27, 2023), ECF No. 17. On July 26, 2023, the district court sentenced Petitioner to 144-months imprisonment. *Id.*, ECF No. 27. Petitioner filed a § 2255 motion on July 26, 2024, that is currently pending. *Id.*, ECF No. 35. Petitioner filed the instant Petition on August 22, 2024, seeking a final order of discharge. ECF No. 1.

 II. Federal Habeas Issues

 Petitioner alleges:

 Ground One: The order of the issuance of the indictment and then warrant, in this exact order, in case as to James Madison Hunter (II) (1) violates the 4th, 5th, and 6th Amendment of the Constitution for the United States of America.

ECF No. 1-4 at 6. Petitioner contends an indictment was returned on January 4, 2023, and filed in open court as to Petitioner on January 5, 2023. *Id*. at 8. Petitioner alleges an arrest warrant was issued on January 5, 2023, and delivered to the United States Marshal. *Id.* Petitioner states he had his initial appearance on January 24, 2023, and a temporary detention order was entered on this same date. *Id.* Petitioner states on January 26, 2023, the arrest warrant was returned as executed on January 24, 2023. *Id.* Petitioner challenges the process that was followed in issuing his indictment and arrest warrant. *Id.* at 11. Petitioner claims his arrest warrant was issued out of order in violation of the Fourth Amendment of the United States Constitution. *Id.* at 11. Petitioner contends his arrest warrant was "issued off the" indictment but the Constitution states an arrest warrant must come before an indictment. *Id.* at 11–13. Petitioner argues

> To issue warrants based off an indictment, where both signers, the jury foreperson and U.S. Attorney, attest to a true bill, not made under oath or affirmation under penalty of perjury, affirming that all stated within to be true, correct, and complete, having first hand knowledge of the facts stated therein, is a clear violation of the 4th Amendment's restriction on the Federal Government's warrant issuing powers.

*Id.* at 13. Petitioner claims a defendant is first charged by a complaint, then arrested by warrant, and then tried by indictment. *Id.* Petitioner argues he was already adjudged guilty by indictment in violation of his Sixth Amendment right to a jury. *Id*. at 14. Petitioner requests a final order of discharge. *Id.* at 17.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is

> authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Petitioner alleges his claim is properly brought under § 2241 because he is not challenging his conviction or sentence but "what occurred prior to conviction or sentence." ECF No. 1-4 at 5. Despite Petitioner's contention to the contrary, Petitioner's claim that the issuance of his arrest warrant and indictment violated the Constitution is an attack on the validity of his conviction and sentence. As such, these claims cannot be brought under § 2241 unless Petitioner can establish that the § 2255 remedy is inadequate or ineffective to address this issue. *See In re Vial*, 115 F.3d 1192 (4th Cir.1977). The Supreme Court recently explained when a remedy under § 2255 may be inadequate or ineffective stating "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Petitioner has not offered any additional argument as to why § 2255 is inadequate or ineffective other than the nature of the claims he is pursuing. The undersigned finds none of the circumstances referenced in *Hendrix* are present in this case. In fact, Petitioner has a pending § 2255 motion in his sentencing court that was filed one month before he filed this habeas petition. Accordingly, Petitioner cannot demonstrate that § 2255 is "inadequate or ineffective" such that he should be entitled to resort to § 2241. The undersigned recommends the instant petition be summarily dismissed.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge dismiss the Petition in the above-captioned matter without prejudice.

IT IS SO RECOMMENDED.

September 26, 2024  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).